United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANGELO A. DELEUSE,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br><br>Defendant. | Case No. 5:12-cv-02708-HRL<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 28 |

Angelo Deleuse filed this appeal, seeking judicial review of the Commissioner's decision denying his application for a period of disability and disability insurance benefits under Title II of the Social Security Act. This court granted Deleuse's summary judgment motion, denied the Commissioner's summary judgment motion, and remanded the matter for payment of benefits. (Dkt. 24). Judgment to that effect was issued the same day. (Dkt. 25).

Deleuse and the Commissioner subsequently filed a stipulation for the award of $3,050.00 in attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, and $60.00 in costs as authorized by 28 U.S.C. § 1920. The court entered an order approving that stipulation. (Dkt. 27).

On remand, the Commissioner calculated past-due benefits of $52,065.00, and the Commissioner withheld 25% of those past-due benefits, or $13,016.25, to cover Deleuse's attorney's fees. (Dkt. 28, Cho Decl. ¶ 3, Ex. 2). The amount withheld reflects the contingent fee

United States District Court
Northern District of California

1  agreement between Deleuse and his counsel, the Law Offices of Lawrence D. Rohlfing.  Among

2  other things, that agreement provides that "the fee for successful prosecution of [an action for

3  judicial review] is a separate 25% of the backpay awarded upon reversal of any unfavorable ALJ

4  decision for work before the court."  (Id. ¶ 2, Ex. 1).

5      Pursuant to 42 U.S.C. § 406(b), plaintiff's counsel moves for attorney's fees in the amount

6  of $13,000 (i.e., less than 25% of Deleuse's past-due benefits), with counsel to reimburse Deleuse

7  $3,050.00 in EAJA fees previously paid by the Commissioner.  Plaintiff's counsel served Deleuse

8  with the motion and supporting papers.  (Dkt. 28 at 10).  The Commissioner has filed a statement

9  of non-opposition to the fee request.  The court has not received any response or objection from

10  Deleuse.  The matter is deemed suitable for determination without oral argument.  Civ. L.R. 7-

11  1(b).  For the reasons stated below, the motion for fees is granted.

12      Section 406(b) of Title II of the Social Security Act provides that whenever a court renders

13  judgment in favor of a claimant, the court may award the claimant's counsel a reasonable

14  attorney's fee, not to exceed 25% of the past-due benefits awarded to the claimant.  42 U.S.C. §

15  406(b)(1)(A).  The court must review counsel's request for fees "as an independent check" to

16  ensure that the contingency fee agreement will "yield reasonable results in particular cases."

17  Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).  In determining a reasonable fee award, the

18  district court "must respect 'the primacy of lawful attorney-client fee agreements,'" by "'looking

19  first to the contingent-fee agreement, then testing it for reasonableness.'"  Crawford v. Astrue, 586

20  F.2d 1142, 1148 (9th Cir. 2009) (quoting Gisbrecht, 535 U.S. 789 at 793, 808).  A fee based on a

21  contingent-fee agreement is unreasonable and subject to reduction "if the attorney provided

22  substandard representation or engaged in dilatory conduct in order to increase the accrued amount

23  of past-due benefits, or if the 'benefits are large in comparison to the amount of time counsel spent

24  on the case.'"  Id. (quoting Gisbrecht, 535 U.S. at 808).  "The attorney bears the burden of

25  establishing that the fee sought is reasonable."  Id.  Additionally, a § 406(b) fee award is offset by

26  any award of EAJA fees.  Thus, "the claimant's attorney must refun[d] to the claimant the amount

27  of the smaller fee."  Gisbrecht, 535 U.S. at 796 (citation omitted).

28      The court finds that amount of fees sought is reasonable.  The fee agreement between

2

1    Deleuse and his counsel is within the statutory ceiling set by Section 406(b), and counsel is

2    requesting even less than that in fees.  Deleuse's counsel successfully prosecuted the matter before

3    this court, obtaining a remand order for payment of benefits.  Deleuse's counsel and legal staff

4    spent 19.3 hours on this matter, yielding an hourly rate of $673.58.  (Cho Decl. ¶ 4, Ex. 3).  Such a

5    rate for an attorney who has been practicing Social Security law for nearly 20 years (Cho Decl. ¶

6    6) is not unreasonable.  See, e.g., Goodbar v. Colvin, No. 11-cv-04572 SI, 2015 WL 6674548 at

7    *1 (N.D. Cal., Nov. 2, 2015) (finding an hourly rate of $772.09 for an attorney who had been

8    practicing Social Security law for 13 years to be reasonable).  There is no indication that counsel

9    caused delay or provided substandard representation.  Having reviewed the record, the court

10   concludes that the requested fees are reasonable and do not constitute a windfall.

11          Based on the foregoing, Deleuse's motion for attorney's fees is GRANTED.  The

12   Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $13,000.00,

13   payable to the Law Offices of Lawrence D. Rohlfing.  Deleuse's counsel is ordered to refund the

14   previously awarded EAJA fees, in the amount of $3,050.00, to Deleuse.

15          SO ORDERED.

16   Dated:   September 6, 2016

19   HOWARD R. LLOYD
     United States Magistrate Judge

5:12-cv-02708-HRL Notice has been electronically mailed to:

Theophous H Reagans , Jr     theophous.reagans@ssa.gov, ODAR.OAO.COURT.1@ssa.gov, sf.ogc.ndca@ssa.gov

Young Chul Cho     young.cho@rohlfinglaw.com, enedina.perez@rohlfinglaw.com

United States District Court
Northern District of California